John Madsen
3223 Donner Way, #2B
Sacramento, California 95817
Telephone: 916.627.8299
E-mail: johnmadsen37@hotmail.com

Defendant in Pro Per

FILED
2008 JUN -4 P 3: 17
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| LUXE INTERNATIONAL INC., a Delaware corporation; LUSSORI, INC., a Delaware corporation; and VIALUXE INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MADSEN, an individual, and Does 1 through 10,<br><br>Defendants. | CASE NO: 08-CV-02241 JF<br><br>**DEFENDANT JOHN MADSEN'S ANSWER AND COUNTERCLAIMS**<br><br>Complaint Filed: April 30, 2008 |

## ANSWER

Defendant John Madsen responds to Plaintiffs Luxe International Inc., Lussori, Inc., and Vialuxe Inc.'s Complaint for Preliminary and Permanent Injunctive Relief and Damages for: 1) Breach of Contract; 2) Trademark Infringement; 3) False Advertising; And Unfair Competition" ("Complaint"), filed on April 30, 2008, as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant admits the allegations set forth therein.

2. In answer to Paragraph 2 of the Complaint, Defendant admits the allegations set forth therein.

3. In answer to Paragraph 3 of the Complaint, Defendant admits the allegations set forth therein.

4. In answer to Paragraph 4 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

5. In answer to Paragraph 5 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

6. In answer to Paragraph 6 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

7. In answer to the first sentence of Paragraph 7 of the Complaint, Defendant admits that he is a California resident and that he maintains a business called SOI Creative. However, Defendant denies that SOI Creative is located in Redwood City, California. In answer to the second sentence, Madsen admits that he was formerly employed by a company called "Greenwich Times, Inc," later known as "Lussori, Inc."

8. In answer to Paragraph 8 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

9. In answer to Paragraph 9 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

10. In answer to Paragraph 10 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

11. In answer to Paragraph 11 of the Complaint, Defendant admits the allegations set forth therein.

12. In answer to Paragraph 12 of the Complaint, Defendant admits that he operates a website at http://www.vialuxe.com but denies the remainder of the paragraph.

13. In answer to Paragraph 13 of the Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

14. In answer to Paragraph 14 of the Complaint, Defendant lacks information

or belief sufficient to admit or deny the allegations in said paragraph, and on that basis denies them.

15. In answer to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant admits that, on or about January 10, 2005, he was hired to be the Director of Technology for "Greenwich Times, Inc.," which later became "Lussori, Inc." Defendant admits the allegations contained in the remainder of the paragraph.

18. In answer to Paragraph 18 of the Complaint, Defendant admits that, on November 16, 2006, he signed a document entitled "Employee Confidentiality and Inventions Assignment Agreement" ("ECIA Agreement").

19. In answer to Paragraph 19 of the Complaint, Defendant asserts that the ECIA Agreement speaks for itself.

20. In answer to Paragraph 20 of the Complaint, Defendant admits that he was part of the team that designed the website now found at http://www.lussori.com, and had access to materials necessary to the creation of that website. Defendant denies each and every allegation contained in the remainder of the paragraph.

21. In answer to Paragraph 21 of the Complaint, Defendant admits the allegations set forth in the first sentence. In answer to the second sentence, Defendant asserts that SOI Creative was not created until April 2008.

22. In answer to Paragraph 22 of the Complaint, Defendant admits the allegations set forth therein.

23. In answer to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In answer to the first and second sentences of Paragraph 24 of the Complaint, Defendant admits sending an email to current employees of Plaintiffs as well as to

third parties in connection with SOI Creative. However, Defendant denies that the e-mail constitutes a "solicitation." In answer to the third sentence, Defendant asserts that the e-mail speaks for itself. In answer to the fourth sentence, Defendant denies the allegations set forth therein.

25. In answer to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant admits the allegation set forth in the first sentence but denies the allegations set forth in the remainder of the paragraph.

28. In answer to Paragraph 28 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 56, inclusive, of the Complaint.

29. In answer to Paragraph 29 of the Complaint, Defendant asserts that the first sentence consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendant denies each and every such allegation. In answer to the second sentence, Madsen admits to having received a payment of $500.00 on or about November 30, 2006. The remainder of that sentence consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendant denies each and every such allegation.

30. In answer to Paragraph 30 of the Complaint, Defendant asserts that Paragraph 29 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendant denies each and every such allegation

31. In answer to Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In answer to Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

1        33.     In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

      34.     In answer to Paragraph 34 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 33, inclusive, of the Complaint.

      35.     In answer to Paragraph 35 of the Complaint, Defendant admits only that the "Lussori" name and logo appear on an e-mail sent by Defendant in connection with SOI creative. As to the remainder of the paragraph, Defendant denies each and every allegation contained therein.

      36.     In answer to Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

      37.     In answer to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

      38.     In answer to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

      39.     In answer to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

      40.     In answer to Paragraph 40 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 39, inclusive, of the Complaint.

      41.     In answer to Paragraph 41 of the Complaint, Defendant admits only that the "Lussori" name and logo and the "Vialuxe" name and logo appear on an e0mail sent by Defendant in connection with SOI Creative. As to the remainder of the paragraph, Defendant denies each and every allegation contained therein.

      42.     In answer to Paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

      43.     In answer to Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44. In answer to Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45. In answer to Paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46. In answer to Paragraph 46 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 45, inclusive, of the Complaint.

47. In answer to Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein. In particular, Defendant denies that he "falsely" claimed to be the designer of the Lussori and Vialuxe web sites, and further denies that he represented himself to be the "sole" designer of those web sites.

48. In answer to Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In answer to Paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50. In answer to Paragraph 50 of the Complaint, Defendant denies each and every allegation contained therein.

51. In answer to Paragraph 51 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 50, inclusive, of the Complaint.

52. In answer to the first sentence of Paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein. In particular, Defendant denies that he "falsely" claimed to be the designer of the Lussori and Vialuxe web sites, and further denies that he represented himself to be the "sole" designer of those web sites.

53. In answer to the first sentence of Paragraph 53 of the Complaint, Defendant denies that Plaintiffs suffered any injuries. In answer to the second sentence, Defendant asserts that the ECIA Agreement speaks for itself. In answer to the third sentence, Defendant denies each and every allegation contained therein.

54. In answer to Paragraph 54 of the Complaint, Defendant incorporates herein by this reference and reasserts every admission, denial and objection he has stated in answering Paragraphs 1 through 53, inclusive, of the Complaint.

55. In answer to Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In answer to the first sentence of Paragraph 56 of the Complaint, Defendant denies that Plaintiffs suffered any injuries. In answer to the second sentence, Defendant asserts that the ECIA Agreement speaks for itself. In answer to the third sentence, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any use by Defendant of Plaintiffs' allegedly trademarked and/or copyrighted materials was a fair use under the applicable trademark and copyright laws.

### THIRD AFFIRMATIVE DEFENSE

The ECIA Agreement is unconscionable, and hence, unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

The ECIA Agreement is unenforceable for lack of adequate consideration.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

(Declaratory Judgment under Copyright Law)

1.     Defendant John Madsen is a resident of Sacramento, California.

2.     Defendant is a former employee of "Greenwich Times, Inc.," which later became known as "Lussori, Inc."

3.     Madsen resigned from Lussori, Inc. in April 2007. After leaving Lussori, Inc., Madsen formed a business specializing in creating web sites and customer management tools for retailers. In January 2008, Madsen was hired to create a web site and customer management system for Swiss Watch Gallery, a retailer of jewelry and watches.

4.     On April 16, 2008, Plaintiffs sent to Defendant the letter attached hereto as Exhibit A, complaining about the web site that Defendant designed for Swiss Watch Gallery. In that letter, Plaintiffs asserted that Defendant's "use of [Plaintiffs'] copyrighted website materials constitutes copyright infringement under 17 U.S.C. § 501 et seq." Nowhere in that letter, however, did Plaintiffs identify exactly what "website materials" they claim to be copyrighted. Nor did Plaintiffs identify any copyright registration associated with such materials. Rather, Plaintiffs stated generically that the alleged "copyrighted materials" include "design, content and source code." Plaintiffs' letter threatened that "if [Defendant] continue[d] to use Lussori's . . . copyrighted materials after receipt of this letter, such continuing use would unquestionably constitute willful infringement, thereby entitling Lussori to additional remedies in the event that litigation is necessary."

5.     Since leaving Plaintiffs' employ, Defendant has not used, reproduced, or misappropriated any materials in which Plaintiffs have a copyright interest.

6.     Nevertheless, Plaintiffs have sent a letter making broad, baseless accusations of copyright infringement against Defendant. Plaintiffs' letter also threatened Defendant with litigation if he fails to comply with the vaguely-stated conditions set forth in that letter (e.g., that Defendant "immediately cease and desist from any further use of [Plaintiffs'] proprietary and copyrighted materials, including but not limited to its website designs, content and source code").

7.     As a result, Defendant is now under the threat of imminent litigation by Plaintiffs for copyright infringement. (Indeed, Plaintiffs' complaint against Defendant in the

underlying action makes various references to Plaintiffs' "copyrighted" materials, although the complaint contains no copyright infringement claim.)

8. On information and belief, Plaintiffs sent the cease-and-desist letter to Defendant for its *in terrorem* effect, i.e., to intimidate him, to deter him from creating web sites for Plaintiffs' competitors, and to detrimentally affect his ability to pursue his chosen profession.

9. Plaintiffs' letter has had that intended effect. Defendant has been paralyzed from pursuing business with Plaintiffs' competitors because of the threat of further litigation by Plaintiffs, and the threat that Plaintiffs would attempt to damage the business relationship between Defendant and any such potential client. Indeed, Plaintiffs have already adversely affected Defendant's business relationship with Swiss Watch Company by bringing their complaints to Swiss Watch Company's management. A letter reflecting such complaints by Plaintiffs to Swiss Watch Company is attached hereto as Exhibit B. In that letter, Plaintiffs complained that the "visual design" for the web site that Defendant designed for Swiss Watch Company is "the property of Lussori."

10. For all of these reasons, a justiciable case or controversy now exists between Plaintiffs and Defendant with respect to whether Defendant infringed Plaintiffs' copyrighted materials.

WHEREFORE, Defendant requests that this Court find and declare that Defendant has not copied, used, or reproduced any materials in which Plaintiffs have a copyright interest, or otherwise engaged in copyright infringement under 17 U.S.C. § 501 et seq.

## SECOND COUNTERCLAIM

(Declaratory Judgment under the Law of Trade Secret Misappropriation)

11. Defendant incorporates herein by this reference and reasserts every allegation he has made in connection with the First Counterclaim.

12. On April 16, 2008, Plaintiffs sent to Defendant the letter attached hereto as Exhibit A, complaining about the web site that Defendant designed for Swiss Watch Gallery. In that letter, Plaintiffs asserted that Defendant has used their "confidential" and "proprietary" information. Nowhere in that letter, however, did Plaintiffs identify exactly what materials they

claim to be confidential and proprietary and that they claimed were being used by Defendant. Rather, Defendant asserted generically that the alleged confidential and proprietary materials "include[]" Plaintiffs' "technology, know-how, source code and inventions." Plaintiffs' letter threatened that "if [Defendant] continue[d] to use Lussori's proprietary materials after receipt of this letter, such continuing use would unquestionably constitute willful infringement, thereby entitling Lussori to additional remedies in the event that litigation is necessary."

13. Since leaving Plaintiffs' employ, Defendant has not used, reproduced, or misappropriated any materials that are proprietary to Plaintiffs, or that is confidential to Plaintiffs, or that is Plaintiffs' trade secret information.

14. Nevertheless, Plaintiffs have sent Defendant a letter making broad, baseless accusations that Plaintiffs misappropriated confidential and proprietary information. Plaintiffs' letter also threatened litigation against Defendant if he fails to comply with the vaguely-stated conditions set forth in that letter (e.g., that Defendant immediately cease and desist from any further use of [Plaintiffs'] proprietary and copyrighted materials, including but not limited to its website designs, content and source code")

15. As a result, Defendant is now under a threat of imminent litigation for trade secret infringement. On information and belief, Plaintiffs sent the cease-and-desist letter to Defendant for its *in terrorem* effect, i.e., to intimidate him, to deter him from creating web sites for Plaintiffs' competitors, and to detrimentally affect his ability to pursue his chosen profession.

16. Plaintiffs' letter has had that intended effect. Defendant has been paralyzed from pursuing business with Plaintiffs' competitors because of the threat of further litigation by Plaintiffs, and the threat the Plaintiffs would attempt to damage the business relationship between Defendant and any such potential client. Indeed, Plaintiffs have already adversely affected Defendant's business relationship with Swiss Watch Company by bringing their complaints to Swiss Watch Company's management. One letter reflecting such complaints by Plaintiffs to Swiss Watch Company is attached hereto as Exhibit B. In that letter, Plaintiffs complained that the "source code" for the web site that Defendant designed for Swiss Watch Company is "the property of Lussori."

17. For all of these reasons, a justiciable case or controversy now exists between Plaintiffs and Defendant with respect to whether Defendant misappropriated Plaintiffs' trade secrets.

WHEREFORE, Defendant requests that this Court find and declare that Defendant has not misappropriated any trade secrets belonging to Plaintiffs in violation of common law or under California Civil Code section 3426 et seq.

### PRAYER FOR RELIEF

Wherefore, Defendant pray for judgment in its favor and against Plaintiffs as follows:

1. That judgment be entered in his favor, including declaratory judgment that Defendant (1) has not copied, used, or reproduced any materials in which Plaintiffs have a copyright interest, or otherwise engaged in copyright infringement in violation of 17 U.S.C. § 501 et seq., and (2) has not misappropriated any trade secrets belonging to Plaintiffs in violation of common law or under California Civil Code section 3426 et seq.

2. That Plaintiffs be denied all monetary and other damages;

3. That Plaintiffs be denied any injunctive relief;

4. That the Complaint be dismissed with prejudice;

5. That Defendant be awarded costs of the suit;

6. That Defendant be awarded his reasonable attorneys' fees pursuant to any statutory or contractual grounds; and

7. For such other and further relief as the Court deems proper.

Dated: June 4, 2008

_____
John Madsen
Defendant in Pro Per

**EXHIBIT A**

# LATHAM&WATKINS LLP

800 West Broadway, Suite 1800
San Diego, California 92101-3375
Tel: +1.619.236.1234  Fax: +1.619.696.7419
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

April 16, 2008

**VIA EMAIL AND REGISTERED MAIL**

Mr. John Madsen
SOI Creative
P.O. Box 7254
Redwood City, CA. 94063-7254
john@soicreative.com

3223 Donner Way # 2B
Sacramento, CA. 95817

Re:   Infringement of Lussori Intellectual Property

Dear Mr. Madsen:

This firm represents Luxe International, and its affiliated entities Lussori, Inc. and Vialuxe Inc. (together "Lussori"), in intellectual property matters. Lussori is the owner of valuable intellectual property rights in various trademarks, trade dress and copyrights. These include the federally registered trademark LUSSORI® (No. 3,160,858 and Serial No. 78/652855); the LUSSORI logo that can be found at Lussori's website *lussori.com*; the trade dress of the *lussori.com* and *vialuxe.com* websites; and the copyrighted materials located on those websites, including design, content and source code.

It is our understanding that you are a former employee of Lussori, and, while employed there, you entered into an Employee Confidentiality and Inventions Assignment Agreement (the "Agreement"). As a party to the Agreement, you promised not to disclose any Confidential Information (as that term is defined in the Agreement, and which includes Lussori's technology, know-how, source code and inventions) during or after your employment, and to return all copies and derivatives of the Confidential Information to Lussori upon termination of your employment. See Section 1 of the Agreement. In addition, you assigned to Lussori all right, title and interest in and to all Inventions (as that term is defined in the Agreement) that related to your employment or which were invented during the period of your employment. See Section 3 of the Agreement.

It has come to our attention that you are currently in breach of the Agreement due to your activities in creating, promoting and providing services under your new company, SOI Creative. We have been informed that you have utilized Lussori's website source code, designs and/or content in developing websites for SOI Creative's customers, most particularly for Swiss Watch Gallery. The use of this proprietary material violates Sections 1 and 3 of the Agreement.

SD\628250.1

Mr. John Madsen
April 18, 2008
Page 2

## LATHAM&WATKINS LLP

Furthermore, your use of Lussori's copyrighted website materials constitutes copyright infringement under 17 U.S.C. § 501 *et seq.* In addition, your use of Lussori's trademarks, logo and website design on your website at *soicreative.com* and on your clients' websites constitutes, among other things, trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. §§ 1114 and 1125(a), and trademark infringement and unfair competition under California law and the law of other states.

We also understand that you have promoted yourself as the developer/creator of Lussori's websites at *lussori.com* and *vialuxe.com*, and have made statements to that effect to third parties as part of your advertising efforts for your new company. As you are well aware, these statements are false. You were only one of several individuals to contribute to the development of the *lussori.com* website, and you had no involvement in the development of the *vialuxe.com* website, which was developed after your departure from Lussori. Accordingly, given the falsity of your advertising statements, you may be liable for false advertising under 15 U.S.C. § 1125 and California law.

Accordingly, Lussori demands that you immediately cease and desist from any further use of its proprietary and copyrighted materials, including but not limited to its website designs, content and source code, and that you immediately remove the LUSSORI logo from your website at *soicreative.com* as well as any false statements regarding your contributions to the development of Lussori's website.

So long as you agree to permanently comply with these reasonable demands, we will work with you to try to reach an amicable resolution of this matter. If, however, you fail to abide by these demands, Lussori may have no choice but to protect its valuable intellectual property rights through litigation. If Lussori is forced to engage in litigation, it will seek all available remedies, including but not limited to preliminary and permanent injunctive relief, damages, increased damages, attorneys' fees, and costs. Moreover, if you continue to use Lussori's logo and copyrighted material after receipt of this letter, such continuing use would unquestionably constitute willful infringement, thereby entitling Lussori to additional remedies in the event that litigation is necessary.

Nothing contained in this letter constitutes an express or implied waiver of any right or remedy of Lussori, all of which are expressly reserved.

Best regards,

*[signature]*

Jennifer L. Barry
of LATHAM & WATKINS LLP

cc:   Perry J. Viscounty, Esq.

SD\628250.1

**EXHIBIT B**

**From:** Lawrence Kosick [mailto:lawrence@lussori.com]
**Sent:** Monday, April 14, 2008 5:47 PM
**To:** f_akroush@hotmail.com; arthur@swisswatchgallery.com
**Cc:** john@soicreative.com; debbie@lussori.com; jonathan.kaplan@lathamwatkins.com
**Subject:** Swiss Watch Gallery Website - Urgent

To Whom It May Concern,

We have retained legal counsel to review the design and source code for this website and our preliminary review would indicate that the source code and visual design are the property of Lussori. The website you are operating was designed and developed by an employee of Lussori (John Madsen) and this employee and all work performed by this employee were governed by an Intellectual Property Assignment Agreement and accordingly are the sole property of Lussori. Furthermore, Mr Madsen and the work performed by Mr Madsen was governed by a non-disclosure agreement.

Please remove this website from operation in its current design immediately to avoid costly an lengthy litigation process.

Regards,

Lawrence Kosick
CEO, Lussori Inc