1  LATHAM & WATKINS LLP
   Perry J. Viscounty (Bar No. 132143)
2  650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
3  Telephone: (714) 540-1235
Facsimile: (714) 755-8290
4  Email: perry.viscounty@lw.com

5  LATHAM & WATKINS LLP
   Jennifer L. Barry (Bar No. 228066)
6  600 West Broadway, Suite 1800
San Diego, California 92101-3375
7  Telephone: (619) 236-1234
Facsimile: (619) 696-7419
8  Email: jennifer.barry@lw.com

9  Attorneys for Plaintiffs and Counterdefendants
LUXE INTERNATIONAL INC., LUSSORI, INC.
10 and VIALUXE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LUXE INTERNATIONAL INC., a Delaware corporation; LUSSORI, INC., a Delaware corporation; and VIALUXE INC., a Delaware corporation, | CASE NO. 08-CV-02241 JF |
|---|---|
| Plaintiffs, | PLAINTIFFS AND COUNTERDEFENDANTS' REPLY TO COUNTERCLAIMS |
| v. | |
| JOHN MADSEN, an individual, and Does 1 through 10, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

     Plaintiffs and counterdefendants Luxe International Inc., Lussori, Inc. and Vialuxe Inc. ("Plaintiffs") reply to the counterclaims brought by defendant and counterclaimant John Madsen ("Madsen") as follows:

     1.    Plaintiffs lack knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 1, and on that basis deny each and every

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

SD\636100.1

CASE NO. 08-CV-02241 JF
REPLY TO COUNTERCLAIMS

1 | allegation of that paragraph.

2 |     2.    Plaintiffs admit the allegations of paragraph 2.

3 |     3.    Plaintiffs admit that Madsen's employment terminated in April 2007.
Plaintiffs lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 3, and on that basis deny those remaining allegations.

    4.    Plaintiffs admit that on April 16, 2008, they sent the letter attached to Madsen's counterclaims as Exhibit A. Plaintiffs deny the remaining allegations of paragraph 4.

    5.    Plaintiffs deny the allegations of paragraph 5.

    6.    Plaintiffs deny the allegations of paragraph 6.

    7.    Plaintiffs deny the allegations of paragraph 7.

    8.    Plaintiffs deny the allegations of paragraph 8.

    9.    Plaintiffs admit that they sent the letter attached to Madsen's counterclaims as Exhibit B to Swiss Watch Gallery. Plaintiffs deny the remaining allegations of paragraph 9.

    10.    Plaintiffs deny the allegations of paragraph 10.

    11.    In answer to the allegations of paragraph 11, Plaintiffs restate the answers contained in paragraphs 1 through 10 respectively and incorporate those answers by reference.

    12.    Plaintiffs admit that on April 16, 2008, they sent the letter attached to Madsen's counterclaims as Exhibit A. Plaintiffs deny the remaining allegations of paragraph 12.

    13.    Plaintiffs deny the allegations of paragraph 13.

    14.    Plaintiffs deny the allegations of paragraph 14.

    15.    Plaintiffs deny the allegations of paragraph 15.

    16.    Plaintiffs admit that they sent the letter attached to Madsen's counterclaims as Exhibit B to Swiss Watch Gallery. Plaintiffs deny the remaining allegations of paragraph 16.

    17.    Plaintiffs deny the allegations of paragraph 17.

    18.    The remaining paragraphs in the counterclaims, as well as the paragraphs located at page 9, lines 18-20 and page 11, lines 4-6, constitute Madsen's prayer for relief to

which no answer is required. To the extent that the prayer for relief purports to state any factual allegations, Plaintiffs deny them.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Madsen's alleged counterclaims, Plaintiffs allege as follows:

### First Affirmative Defense

(Failure to State a Claim)

1. Madsen's purported counterclaims fail to state facts sufficient to constitute claims upon which relief can be granted.

### Second Affirmative Defense

(Unclean Hands)

2. Madsen's purported counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

(Right to Amend)

3. Plaintiffs reserve the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and further reserve the right to amend this Reply for the purpose of asserting any such additional affirmative defenses.

WHEREFORE, Plaintiffs pray that Madsen's counterclaims for declaratory relief be denied, for their attorneys' fees and costs incurred in this action, and for such other relief as the Court may deem just and proper.

Dated: June 24, 2008                LATHAM & WATKINS LLP

By:_____/s/ Jennifer L. Barry_____
  Perry J. Viscounty
  Jennifer L. Barry

  Attorneys for Plaintiffs
  and Counterdefendants
  LUXE INTERNATIONAL INC.,
  LUSSORI, INC. and VIALUXE INC.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

SD\636100.1

3

CASE NO. 08-CV-02241 JF
REPLY TO COUNTERCLAIMS

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System.

I further certify that on this same date, I caused the attached document to be sent via overnight delivery as a courtesy copy to:

Hon. Jeremy Fogel
United States Courthouse
280 South 1st Street
San Jose, CA 95113

I further certify that on this same date, I caused the attached document to be sent via regular U.S. mail to:

John Madsen
3223 Donner Way, #2B
Sacramento, CA 95817

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 24, 2008.

                                                                                        /s/ Jennifer L. Barry
                                                                                           Jennifer L. Barry

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

SD\636100.1

4

CASE NO. 08-CV-02241 JF
REPLY TO COUNTERCLAIMS